Appeal of **RADEL LEATHER MANU-**          Docket No. 1396.
          **FACTURING CO.**

Submitted April 20, 1925; decided May 7, 1925.

*Julius B. Cohn, Esq.*, for the taxpayer.
*Benjamin H. Saunders, Esq.*, for the Commissioner.

Before STERNHAGEN, PHILLIPS, and LOVE.

### FINDINGS OF FACT.

This appeal is taken from the determination by the Commissioner of additional income and profits taxes for 1920. The amount involved is less than $10,000.

In or about the month of October, 1919, the taxpayer entered into contracts for the erection of a two-story brick building. Two contracts were made; one for all work except reinforced concrete and column footing, and the other for such excepted work. These two contracts called for total payments of $7,700. The taxpayer claims that thereafter, and in or about the month of February, 1920, the building collapsed and that it was thereafter reconstructed by another contractor from exactly the same specifications at a cost of $4,500. After the date when the building is alleged to have collapsed, the taxpayer made substantial payments to one of the contractors. The total paid to the two original contractors was $6,424.

### DECISION.

The determination of the Commissioner is approved.

### OPINION.

PHILLIPS: The taxpayer alleges error on the part of the Commissioner in refusing to allow a deduction upon its 1920 income and profits tax return of $4,500, claimed to have been sustained by reason of the collapse of a new building. An officer of the company testified that the cause of the collapse was unknown, that the company could find no basis upon which to hold the contractors liable, and that the building was reconstructed upon exactly the same specifications at a cost of $4,500. He could suggest no reason why, if the contractors were not liable, they had not been paid in full; nor could he explain why, if the collapse was not due to faulty construction by the contractors, the building should have been reconstructed upon exactly the same specifications. He further testified that no effort was made to hold the contractors liable or to withhold payment of the balance due them at the time of the collapse.

He also testified that the contractors were financially sound and that at the time of the collapse the building had been completed and was in use, but a letter from the taxpayer to the Commissioner, introduced into evidence during the course of his examination, stated that the taxpayer had been required to stand the loss from the col-

lapse of the building because the contractors were financially irresponsible, and further stated that at the time of the collapse the building was not completed.

The petition, verified by the same officer who testified, states that the sum of $6,424 was paid to the contractors on completion of their work and that subsequently the building collapsed, but on the stand he testified that substantial amounts were paid to the contractors after the collapse.

We are not satisfied from the record that the taxpayer sustained any loss, and the determination of the Commissioner is approved.